UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-mj-8084-DLB

UNITED STATES OF AMERICA

vs.

JOEL BARRETT,

Defendant.
_____/

FILED BY ____SP____ D.C.

**Mar 9, 2021**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

# CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia Valle)?  ___ Yes  ✓ No

2. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)?  ___ Yes  ✓ No

3. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)?  ✓ Yes  ___ No

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

BY: _____
MARTON GYIRES
ASSISTANT UNITED STATES ATTORNEY
District Court No. A5501696
500 South Australian Avenue, Suite 400
West Palm Beach, Florida 33401
Tel:   561-820-8711
Fax:   561-805-9846
Email: Marton.Gyires@usdoj.gov

AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>**Joel Barrett**<br><br>*Defendant(s)* | Case No. 21-mj-8084-DLB |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of  8/13/20, 9/29/20, 3/9/2021  in the county of  Palm Beach  in the
Southern  District of  Florida , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 21, United States Code, Section 841(a)(1) | Possession with intent to distribute controlled substances |
| Title 18, United States Code, Section 922(d)(1) | Sale of a firearm and ammunition to a convicted felon |

This criminal complaint is based on these facts:
See Attached Affidavit

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Blake Crotty, FBI Special Agent
*Printed name and title*

Attested to me telephonically (FaceTime) by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1

Date: 3-9-2021

_____
*Judge's signature*

City and state:  West Palm Beach, Florida     Dave Lee Brannon, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT

I, Blake A. Crotty (the "Affiant"), being duly sworn, depose and state as follows:

1. I am a Special Agent (SA) with the Federal Bureau of Investigation (FBI), Miami Division, and I have been so employed since August 2016. I am currently assigned to the Violent Crimes and Major Offender Squad of the Palm Beach County Resident Agency. As such, I have primarily been assigned to investigations dealing with bank robberies, drug trafficking, violent crimes, and violent crimes against children. I also serve as a Task Force Officer assigned to the Drug Enforcement Administration (DEA). Based on my experience as a federal law enforcement officer, I have conducted investigations of and have been instructed in investigative techniques concerning violent crimes, gun offenses, drug trafficking and conspiracies to commit these offenses. I have received training in conducting narcotics investigations and in identifying the means and methods used by narcotics traffickers. I have conducted or participated in multiple narcotics investigations. My training, education, and experience has included interviewing drug traffickers, debriefing cooperators in connection with drug trafficking, monitoring wiretapped conversations of drug traffickers, conducting searches of locations where drugs and money have been found, and conducting surveillance on individuals engaged in drug trafficking.

2. This affidavit is based upon my own knowledge as well as information provided to me by other law enforcement officers. This affidavit is submitted for the limited purpose of establishing probable cause in support of a criminal complaint against Joel Barrett ("BARRETT") for violation of the laws of the United States, that is, possession with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1), and sale of a firearm and ammunition to a convicted felon, in violation of Title 18, United States Code, Section

922(d)(1). As such, this affidavit does not contain all of the information known to me regarding this investigation.

## PROBABLE CAUSE

*Origin of investigation and controlled purchases of heroin from Tyler Roman*

3. In or about the month October 2019, law enforcement received information from a DEA confidential source ("CS-1") about a narcotics dealer selling large amounts of heroin within Palm Beach County who the CS said had the nickname "ROM." "ROM" would later be identified by law enforcement as Tyler Edward Roman.

4. On or about October 23, 2019, a DEA undercover agent ("UC"), accompanied by a different CS (CS-2), purchased approximately one ounce of heroin from Roman (then unidentified) for $2,000.00. The suspected heroin field-tested positive for the presence of heroin. Additional controlled acquisitions of heroin from Roman took places as follows: a November 15, 2019 acquisition of a free sample of approximately one gram by the UC and CS-1; a November 21, 2019 purchase of approximately one ounce by the UC and CS-1; a December 4, 2019 purchase of approximately one ounce by the UC and CS-1; a December 18, 2019 purchase of approximately one ounce by the UC; and a January 8, 2020 purchase of approximately one ounce by the UC.

5. At the time, Roman was on federal supervised release, having been previously sentenced in the Southern District of Florida on November 13, 2014 to 70 months' imprisonment to be followed by five years of supervised release based upon a conviction for conspiracy to possess with intent to distribute cocaine in case number 14-cr-60165-WPD. In May 2020, Roman was approached by law enforcement and has since cooperated with the government. Roman was later charged with his offense conduct prior to his cooperation. Roman was one of eight defendants charged in a federal criminal complaint filed on February 2, 2021 and subsequent indictment in case number 9:21-cr-

80026-AMC. Roman is now in custody having been sentenced on a supervised release revocation stemming from the offense conduct charged in the complaint and indictment.

*August 13, 2020: Roman purchases approximately four ounces of heroin from Joel BARRETT.*

6. On or about August 13, 2020, at the direction of controlling agents, Roman purchased approximately four ounces of heroin from Joel BARRETT for $9,600. On a recorded call, it was arranged that Roman would meet BARRETT in the area of a Publix located at 150 South Federal Highway, Deerfield Beach, Florida. Based on this, a briefing was held at a nearby location with members of the FBI, PBSO Narcotics Division, and DEA. During this briefing, Roman was provided with $9,600 in U.S. currency. Roman and his vehicle were searched for contraband, with negative results. At approximately 2:04 p.m., Roman received a phone call from BARRETT saying that BARRETT was at the exit and making his way to the meet location. At approximately 2:07 p.m., BARRETT arrived in a black Kia bearing Florida license plate 181NVK. Shortly after arriving, BARRETT approached Roman's passenger side door and entered the vehicle. Inside Roman's vehicle, BARRETT and Roman discussed various narcotics and pricing for narcotics. At approximately 2:15 p.m., BARRETT exited Roman's vehicle and got in the black Kia and left the area. Agents on surveillance observed this meeting. Controlling agents met Roman at a neutral location and collected the four ounces of suspected heroin, which later field-tested positive for heroin. The conversations referenced above were either recorded by Roman and given to agents afterwards, or, alternatively, live monitored and recorded by agents as they were happening.

*September 29, 2020: Roman purchases a firearm, ammunition, one drum magazine, one extended magazine, and was provided a sample of heroin from BARRETT*

7. On or about September 29, 2020, at the direction of controlling agents, Roman purchased a Black Century Arms Mini Draco Firearm, thirty-nine rounds of 7.62 ammunition, one

drum magazine, one extended magazine, and a sample of heroin for $800 from BARRETT. The day before, on or about September 28, 2020, at approximately 6:00 p.m., Roman placed a recorded telephone call to BARRETT at which time they discussed the sale of a firearm. The two agreed to meet the following day to complete the transaction for the firearm. On or about September 29, 2020, in a recorded phone call, Roman arranged to meet BARRETT in the area of the intersection of Lake Osborne Drive and High Ridge Road in Lake Worth, Florida. Based on this, a briefing was held at a nearby location with members of the FBI, USPS, PBSO Narcotics Division and DEA. During this briefing, Roman was provided with $800 in U.S. currency. Roman and his vehicle were searched for contraband, with negative results.

8. At approximately 7:00 p.m., Roman placed a phone call to BARRETT and notified BARRETT that he was in the area of the agreed upon location. During this call, agents noticed a green Ford Five Hundred, bearing Florida license place LFQE05, arrive in the area. BARRETT was seen exiting the blue Ford Five Hundred with a multi-colored book bag which he placed in the backseat floorboard of Roman's vehicle prior to getting in the front passenger seat. Roman then provided BARRETT with $800 of US currency. Along with firearm, BARRETT brought a sample of suspected heroin to provide to Roman. BARRETT explained he had approximately 1.5 kilograms of this substance at his residence. The conversations referenced above were either recorded by Roman and given to agents afterwards, or, alternatively, live monitored and recorded by agents as they were happening. During previous recorded conversations regarding availability of firearms for purchase, Roman repeatedly advised BARRETT of his status as a convicted felon and made additional mention of his status as being on supervised release.

9. After the meeting between Roman and BARRETT, Roman met agents and turned over the firearm. The firearm was identified as a Century Arms Mini Draco. Included with the

firearm was a drum magazine designed to be used by this weapon, an extended magazine designed to be used by this weapon, and approximately thirty-nine rounds of 7.62 ammunition. Agents field-tested the substance provided by BARRETT which returned a positive result for heroin.

*March 9, 2021: state search warrant executed at BARRETT's residence*

10. On or about March 9, 2021, at approximately 6:30 a.m., a state search warrant was executed at BARRETT's residence located at 432 Wilder Street, West Palm Beach, Florida 33405. The residence is a single family residence with three bedrooms and two bathrooms. Present at the residence were Joel BARRETT, Elizabeth Woods, and two other adult males.

11. According to the landlord, BARRETT and Woods are listed on the lease for the residence. Inside the master bedroom, law enforcement found approximately 34.2 grams of cocaine and crack cocaine (field-tested positive), approximately 959.2 grams of heroin (field-tested positive), approximately 1,223 grams of crystal methamphetamine (field-tested positive), approximately 2,418 grams of a substance containing THC (field-tested positive), and various prescription pills. The majority of the heroin/fentanyl and methamphetamine were found inside a black book bag on a shelf inside of the closet in the master bedroom. The book bag contained two multicolored bags. One of the multicolored bags contained approximately twenty-nine clear bags containing heroin, and the other multicolored bag contained approximately forty-one clear bags containing methamphetamine. Inside the same closet was a Glock 19 pistol inside of a gun box, with a loaded magazine inside the gun (no round in the chamber). The master bedroom contained photographs of BARRETT and Woods, and other indicia of occupancy as to BARRETT and Woods such as credit cards, ID documents, and other things. There was an electronic dead bolt lock on the door to the master bedroom, which can be locked and unlocked with a numerical code.

12. In a recorded post-<u>Miranda</u> statement at the Palm Beach County Sheriff's Office,

BARRETT said, among other things, that he has been selling drugs for about two or three years and that he obtained methamphetamine from Texas, heroin/fentanyl from Miami, Florida, and cocaine from Palm Beach County, Florida. BARRETT said that he bought the Glock firearm from a drug user on the street for $150 for his girlfriend, Woods.

13. In a recorded post-<u>Miranda</u> statement at the Palm Beach County Sheriff's Office, Woods said, among other things, that she purchased the Glock for $150 from a person on the street. Woods said that when BARRETT traveled to Texas to purchase a kilogram of "ice" (methamphetamine) for approximately $10,000, that she remained at the house to make sure the master bedroom was secure. After the recorded interview, in the presence of several agents (not recorded), Woods also said that she previously hand wrote notes indicating who owed money to BARRETT.

*Conclusion*

14. Based on the foregoing, I submit that probable cause exists for the issuance of a criminal complaint against BARRETT for violations of Title 21, United States Code, Section 841(a)(1) and Title 18 United States Code, Section 922(d)(1).

FURTHER YOUR AFFIANT SAYETH NAUGHT.

_____
Blake Crotty
Special Agent
Federal Bureau of Investigation

Attested to me telephonically (FaceTime) by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 on the __9th__ day of March, 2021.

_____
DAVE LEE BRANNON
UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

Defendant: Joel Barrett
Case number: 21-mj-8084-DLB

Count 1: Possession with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1)

Maximum Penalties: Pursuant to Title 21, United States Code, Section 841(b)(1)(B)(i), namely, a violation involving 100 grams or more of heroin, the penalties are:

Minimum of five years' imprisonment
Maximum of 40 years' imprisonment
Fine of up to $5,000,000
Supervised release of at least four years and up to life

Count 2: Sale of a firearm and ammunition to a convicted felon, in violation of Title 18, United States Code, Section 922(d)(1).

Maximum Penalties: Pursuant to Title 18, United States Code, Section 924(a)(2), the penalties are:

Up to ten years' imprisonment
Fine of up to $250,000
Supervised release of up to three years

---

1 This penalty sheet is not intended to limit the drug quantities and types attributable to the defendant in any future Indictment, Information, trial, sentencing hearing, or any other phase of the case, but is merely intended to provide the maximum possible penalty relating to the criminal complaint.